JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

BRENDAN SMITH, individually and on behalf of a class of similarly situated persons

**(b)** County of Residence of First Listed Plaintiff   Chester Co, Pa
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
James Haggerty, Esquire; Haggerty, Goldberg, Schleifer & Kupersmith, P.C. 1835 Market street, Suite 2700, Philadelphia, PA 19103, (267) 350-6609

## DEFENDANTS

NATIONWIDE MUTUAL INSURANCE COMPANY

County of Residence of First Listed Defendant   Franklin, OH
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Pamela A. Carlos, Esquire, Bennett, Bricklin & Saltzburg, LLC, 1601 Market Street, 16th Floor, Philadelphia, PA 19103 (215) 561-4300

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1  U.S. Government Plaintiff
- ❏ 3  Federal Question *(U.S. Government Not a Party)*
- ❏ 2  U.S. Government Defendant
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | | PTF | DEF |
|---|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ❏ 1 | Incorporated or Principal Place of Business In This State | | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated and Principal Place of Business In Another State | | ❏ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

### CONTRACT

- ☒ 110 Insurance
- ❏ 120 Marine
- ❏ 130 Miller Act
- ❏ 140 Negotiable Instrument
- ❏ 150 Recovery of Overpayment & Enforcement of Judgment
- ❏ 151 Medicare Act
- ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ❏ 153 Recovery of Overpayment of Veteran's Benefits
- ❏ 160 Stockholders' Suits
- ❏ 190 Other Contract
- ❏ 195 Contract Product Liability
- ❏ 196 Franchise

### REAL PROPERTY

- ❏ 210 Land Condemnation
- ❏ 220 Foreclosure
- ❏ 230 Rent Lease & Ejectment
- ❏ 240 Torts to Land
- ❏ 245 Tort Product Liability
- ❏ 290 All Other Real Property

### TORTS

**PERSONAL INJURY**
- ❏ 310 Airplane
- ❏ 315 Airplane Product Liability
- ❏ 320 Assault, Libel & Slander
- ❏ 330 Federal Employers' Liability
- ❏ 340 Marine
- ❏ 345 Marine Product Liability
- ❏ 350 Motor Vehicle
- ❏ 355 Motor Vehicle Product Liability
- ❏ 360 Other Personal Injury
- ❏ 362 Personal Injury - Medical Malpractice

### CIVIL RIGHTS

- ❏ 440 Other Civil Rights
- ❏ 441 Voting
- ❏ 442 Employment
- ❏ 443 Housing/ Accommodations
- ❏ 445 Amer. w/Disabilities - Employment
- ❏ 446 Amer. w/Disabilities - Other
- ❏ 448 Education

**PERSONAL INJURY**
- ❏ 365 Personal Injury - Product Liability
- ❏ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ❏ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ❏ 370 Other Fraud
- ❏ 371 Truth in Lending
- ❏ 380 Other Personal Property Damage
- ❏ 385 Property Damage Product Liability

### PRISONER PETITIONS

**Habeas Corpus:**
- ❏ 463 Alien Detainee
- ❏ 510 Motions to Vacate Sentence
- ❏ 530 General
- ❏ 535 Death Penalty
**Other:**
- ❏ 540 Mandamus & Other
- ❏ 550 Civil Rights
- ❏ 555 Prison Condition
- ❏ 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY

- ❏ 625 Drug Related Seizure of Property 21 USC 881
- ❏ 690 Other

### LABOR

- ❏ 710 Fair Labor Standards Act
- ❏ 720 Labor/Management Relations
- ❏ 740 Railway Labor Act
- ❏ 751 Family and Medical Leave Act
- ❏ 790 Other Labor Litigation
- ❏ 791 Employee Retirement Income Security Act

### IMMIGRATION

- ❏ 462 Naturalization Application
- ❏ 465 Other Immigration Actions

### BANKRUPTCY

- ❏ 422 Appeal 28 USC 158
- ❏ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS

- ❏ 820 Copyrights
- ❏ 830 Patent
- ❏ 835 Patent - Abbreviated New Drug Application
- ❏ 840 Trademark

### SOCIAL SECURITY

- ❏ 861 HIA (1395ff)
- ❏ 862 Black Lung (923)
- ❏ 863 DIWC/DIWW (405(g))
- ❏ 864 SSID Title XVI
- ❏ 865 RSI (405(g))

### FEDERAL TAX SUITS

- ❏ 870 Taxes (U.S. Plaintiff or Defendant)
- ❏ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES

- ❏ 375 False Claims Act
- ❏ 376 Qui Tam (31 USC 3729(a))
- ❏ 400 State Reapportionment
- ❏ 410 Antitrust
- ❏ 430 Banks and Banking
- ❏ 450 Commerce
- ❏ 460 Deportation
- ❏ 470 Racketeer Influenced and Corrupt Organizations
- ❏ 480 Consumer Credit
- ❏ 490 Cable/Sat TV
- ❏ 850 Securities/Commodities/ Exchange
- ❏ 890 Other Statutory Actions
- ❏ 891 Agricultural Acts
- ❏ 893 Environmental Matters
- ❏ 895 Freedom of Information Act
- ❏ 896 Arbitration
- ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ❏ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ❏ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from Another District *(specify)*
- ❏ 6 Multidistrict Litigation - Transfer
- ❏ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1332, 1441 and 1446

Brief description of cause:
Breach of Contract and Declaratory Relief

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ❏ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions:)*
JUDGE                                DOCKET NUMBER

DATE
03/22/2019

SIGNATURE OF ATTORNEY OF RECORD
*Pamela A. Carlos*

### FOR OFFICE USE ONLY

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

**19    1217**

## DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 1621 S. Glenside Road, West Chester, PA 19380

Address of Defendant: One Nationwide PLaza, Columbus OH 43215

Place of Accident, Incident or Transaction: 1600 West Chester Pike, West Chester, PA

---

**RELATED CASE, IF ANY:**

Case Number _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions

| | | | |
|---|---|---|---|
| 1 | Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☑ |
| 2. | Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☑ |
| 3 | Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? | Yes ☐ | No ☑ |
| 4 | Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? | Yes ☐ | No ☑ |

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE 03/22/2019 _____ *Pamela H Carla* _____ 56396

*Attorney-at-Law / Pro Se Plaintiff*      *Attorney I D # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**    *Federal Question Cases:*      **B.** *Diversity Jurisdiction Cases:*

| | | | | |
|---|---|---|---|---|
| ☐ 1 | Indemnity Contract, Marine Contract, and All Other Contracts | ☑ | 1. | Insurance Contract and Other Contracts |
| ☐ 2 | FELA | ☐ | 2 | Airplane Personal Injury |
| ☐ 3. | Jones Act-Personal Injury | ☑ | 3 | Assault, Defamation |
| ☐ 4. | Antitrust | ☐ | 4. | Marine Personal Injury |
| ☐ 5 | Patent | ☐ | 5 | Motor Vehicle Personal Injury |
| ☐ 6 | Labor-Management Relations | ☐ | 6 | Other Personal Injury *(Please specify)* _____ |
| ☐ 7 | Civil Rights | ☐ | 7 | Products Liability |
| ☐ 8. | Habeas Corpus | ☐ | 8. | Products Liability – Asbestos |
| ☐ 9 | Securities Act(s) Cases | ☐ | 9. | All other Diversity Cases |
| ☐ 10 | Social Security Review Cases | | | *(Please specify)* _____ |
| ☐ 11 | All other Federal Question Cases | | | |
| | *(Please specify)* _____ | | | |

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs

☐ Relief other than monetary damages is sought

**MAR 22 2019**

DATE _____ _____ _____

*Attorney-at-Law / Pro Se Plaintiff*      *Attorney I D # (if applicable)*

NOTE A trial de novo will be a trial by jury only if there has been compliance with F R C P 38

*Civ 609 (5/2018)*

APPENDIX I

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | |
|---|---|
| **BRENDAN SMITH, individually and on behalf of a class of similarly situated persons** :<br>:<br>: | |
| : | **NO:** |
| **v.** : | |
| : | |
| **NATIONWIDE MUTUAL INSURANCE COMPANY** : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants.  (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a)  Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.                  (  )

(b)  Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits                        (  )

(c)  Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  (  )

(d)  Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.                                                               (  )

(e)  Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court.  (See reverse side of this form for a detailed explanation of special
management cases.)                                                                  (  )

(f) Standard Management – Cases that do not fall into any one of the other tracks.      (X)

__03/22/2019__
**Date**

**PAMELA A. CARLOS**
**Attorney for Defendant**

| __(215) 561-4300__ | __(215) 561-6661__ | __carlos@bbs-law.com__ |
|---|---|---|
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRENDAN SMITH, individually and on behalf of a class of similarly situated persons | : |
| | : |
| vs. | : |
| | : |
| NATIONWIDE MUTUAL INSURANCE COMPANY | :   NO: |

## NOTICE OF REMOVAL

Defendant Nationwide Mutual Insurance Company ("Nationwide") hereby removes the above-captioned case pending in the Court of Common Pleas, Philadelphia County, Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.  As grounds for removal, Defendant Nationwide states as follows:

## PROCEDURAL HISTORY

1.      On or about February 14, 2019, Plaintiff Brendan Smith filed this state court action (the "Action") by filing a complaint entitled *Brendan Smith v. Nationwide Mutual Insurance Company* in the Court of Common Pleas in Philadelphia County, Pennsylvania, Case No. 190201323 (the "Complaint").

2.      The Complaint names as defendant Nationwide Mutual Insurance Company.  The Complaint alleges state law claims for declaratory relief and breach of contract.  The Complaint also purports to seek relief on behalf of a class of similarly situated individuals.

3.      Defendant was served with the Complaint on or about February 20, 2019.

4.    Pursuant to 28 U.S.C. § 1446(a) and (b), this Notice of Removal is being filed in the United States District Court for the Eastern District of Pennsylvania within thirty days after February 20, 2019.

## DIVERSITY JURISDICTION

5.    Plaintiff Brendan Smith is a citizen of the Commonwealth of Pennsylvania. *See* Complaint ¶ 1.

6.    Defendant Nationwide is an Ohio corporation with its principal place of business in Columbus, Ohio. *See* Complaint ¶ 3. Accordingly, Defendant Nationwide is a citizen of the State of Ohio for purposes of diversity jurisdiction, and there is complete diversity of citizenship between the parties.

7.    This is not a "direct action" within the meaning of 28 U.S.C. § 1332(c)(1).

8.    Based on the allegations in the Complaint, the amount in controversy is in excess of $75,000, exclusive of interest and costs.

9.    Specifically, Plaintiff has requested, in his prayer for relief, that the Court enter an Order "awarding $100,000.00 in stacked underinsured motorist benefits to the plaintiff, Brendan Smith, and against the defendant, Nationwide Mutual Insurance Company", and award stacked uninsured and/or underinsured motorist benefits (in an unspecified amount) to each member of a class of Pennsylvania insureds.

11.   Accordingly, this Court has jurisdiction over this Action pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441(a) & (b) because it is an action between citizens of different states, no defendant is a citizen of the State of Pennsylvania, wherein the Complaint was filed, and the jurisdictional amount-in-controversy is satisfied.

## OTHER PROCEDURAL REQUIREMENTS

12.     This Action is removable to this Court pursuant to 28 U.S.C. § 1441(a) because the United States District Court for the Eastern District of Pennsylvania embraces the place, Philadelphia County, Pennsylvania, where the state Action is pending.

13.     In accordance with 28 U.S.C. § 1446(a), attached hereto are copies of all process, pleadings and orders served upon Defendant Nationwide in the Action, namely the Civil Cover Sheet, Notice To Plead, and Complaint (attached as Ex. A).

14.     Defendant Nationwide will promptly serve a copy of the Notice of Removal on Plaintiff's counsel and file with the Clerk of the Court of Common Pleas, Philadelphia County, Pennsylvania, a Notice of Filing of Notice of Removal pursuant to 28 U.S.C. § 1446(d).

15.     This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11.  *See* 28 U.S.C. § 1446(a).

WHEREFORE, this Action should proceed in the United States District Court for the Eastern District of Pennsylvania as an action properly removed thereto.


Dated: March 22, 2019                      Respectfully submitted,
                                           BENNETT, BRICKLIN & SALTZBURG LLC


                                           PAMELA A. CARLOS, ESQUIRE
                                           Attorney I.D. #56396
                                           BENNETT BRICKLIN & SALTZBURG LLC
                                           1601 Market Street, 16th Floor
                                           Philadelphia, PA 19102
                                           Tel:  (215) 561-4300
                                           Fax:  (215) 561-6661
                                           carlos@bbs-law.com

Of Counsel:

Jennifer A.L. Battle (Penn. I.D # 86765)
CARPENTER LIPPS & LELAND LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio 43215
Tel: (614) 365-4100
Fax: (614) 365-9145
battle@carpenterlipps.com

*Attorneys for Defendant Nationwide Mutual Insurance Company*

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| BRENDAN SMITH, individually and on behalf of a class of similarly situated persons | : : : | |
| vs. | : : | |
| NATIONWIDE MUTUAL INSURANCE COMPANY | : : : | NO: |

## NOTICE TO PLAINTIFF

TO:     James C. Haggerty, Esquire            Scott B. Cooper, Esquire
        Haggerty, Goldberg, Schleifer         Schmidt Kramer  P.C.
        & Kupersmith, P.C.                    209 State Street
        1835 Market Street, Suite 2700        Harrisburg, PA  17101
        Philadelphia, PA  19103

        Aaron R. Gorodetzer, Esquire
        705 Gordon Drive
        Exton, PA  19341

Please take notice that defendant, Nationwide Mutual Insurance Company, by its attorneys

Bennett, Bricklin & Saltzburg LLC, and Carpenter Lipps & Leland LLP has filed a Notice of

Removal in the United States District Court for the Eastern District of Pennsylvania regarding an

action previously pending in the Court of Common Pleas of Philadelphia County, captioned

Brendan Smith v. Nationwide Mutual Insurance Company, Case No. 190201323.

BENNETT, BRICKLIN & SALTZBURG LLC

BY:     _____
        **PAMELA A. CARLOS**
        **I.D. No. 56396**
        **1601 Market Street, 16th Floor**
        **Philadelphia, PA 19103**
        **(215) 561-4300**
        **carlos@bbs-law.com**
        *One of the Attorneys for Defendant Nationwide*
        *Mutual Insurance Company*

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

BRENDAN SMITH, individually and on behalf   :
of a class of similarly situated persons   :
   :
vs.   :
   :
NATIONWIDE MUTUAL INSURANCE   :    NO:
COMPANY   :

### PROOF OF FILING

COMMONWEALTH OF PENNSYLVANIA   :

COUNTY OF PHILADELPHIA   :

      Pamela A. Carlos, Esquire, being duly sworn according to law, deposes and says that she is a member in the law firm of Bennett, Bricklin & Saltzburg LLC, attorneys for defendant, Nationwide Mutual Insurance Company, and that she did direct the filing with the Court of Common Pleas of Philadelphia County a copy of the Notice of Removal attached hereto, said filing being made electronically on March 22, 2019.

             **BENNETT, BRICKLIN & SALTZBURG LLC**

**BY:**

             **PAMELA A. CARLOS, ESQUIRE**
             **I.D. No. 56396**
             **1601 Market Street, 16th Floor**
             **Philadelphia, PA 19103**
             **(215) 561-4300**
             **carlos@bbs-law.com**
             *One of the Attorneys for Defendant Nationwide Mutual Insurance Company*

Sworn to and subscribed to
me on this 22nd day
of March, 2019

_____
NOTARY PUBLIC

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
DENISE M. PATSCH, Notary Public
City of Philadelphia, Phila. County
My Commission Expires October 24, 2021

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRENDAN SMITH, individually and on behalf of a class of similarly situated persons | : | |
| | : | |
| vs. | : | |
| | : | |
| NATIONWIDE MUTUAL INSURANCE COMPANY | : | NO: |
| | : | |

### CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Notice of Removal was served by hand delivery on

March 22, 2019 on the following:

> James C. Haggerty, Esquire
> HAGGERTY, GOLDBERG, SCHLEIFER & KUPERSMITH, P.C.
> 1835 Market Street, Suite 2700
> Philadelphia, PA  19103

and by first class mail on the following:

> Scott B. Cooper, Esquire
> SCHMIDT KRAMER P.C.
> 209 State Street
> Harrisburg, PA  17101

> Aaron R. Gorodetzer, Esquire
> 705 Gordon Drive
> Exton, PA  19341

**BENNETT BRICKLIN & SALTZBURG LLC**

By: _____

PAMELA A. CARLOS, ESQUIRE
I.D. No:  56396
1601 Market Street, 16th Floor
Philadelphia, PA 19102
Tel:  (215) 561-4300
Fax:  (215) 561-6661
carlos@bbs-law.com
*One of the Attorneys for Defendant Nationwide Mutual Insurance Company*

Sworn to and subscribed to
me on this ⎯⎯day
of March, 2019

_____
NOTARY PUBLIC

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
DENISE M. PATSCH, Notary Public
City of Philadelphia, Phila. County
My Commission Expires October 24, 2021

# Exhibit "A"

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

Filed and Attested by the
Office of Judicial Records
14 FEB 2019 03:54 pm
M. BRYANT

BRENDAN SMITH,                                  :
INDIVIDUALLY AND ON BEHALF OF A                 :
CLASS OF SIMILARLY SITUATED PERSONS             :
1621 South Glenside Road                        :
West Chester, PA 19380                          :
                                                :
                vs.                             : NO.
                                                :
NATIONWIDE MUTUAL INSURANCE                     :
COMPANY                                         :
1 Nationwide Plaza                              :
Columbus, OH 43215                              :

## NOTICE TO PLEAD

| NOTICE | AVISO |
|---|---|
| You have been sued in court.   If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.   You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.   You may lose money or property or other rights important to you. | Le han demando a usted en la corte.  Si usted quiere defenderse de estas demandos expuestas en las páginas sigiuentes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparesencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona.   Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en corte suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda.   Usted puede perder diner o sus propiedades u otros derechos importantes para usted. |
| YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. | LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE.   SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITO ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL. |
| PHILADELPHIA BAR ASSOCIATION LAWYER REFERRAL AND INFORMATION SERVICE One Reading Center Philadelphia, Pennsylvania 19107 Telephone: 215-238-1701 | ASOCIACIÓN DE LA LICENCIADOS DE FILADELFIA SERVICIO DE REFERENCIA E INFORMACIÓN LEGAL One Reading Center Filadelfia, Pennsylvania 19107 Teléfono: 215-238-1701 |

Case ID: 190201323

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

| | |
|---|---|
| BRENDAN SMITH, | : |
| INDIVIDUALLY AND ON BEHALF OF A | : |
| CLASS OF SIMILARLY SITUATED PERSONS | : |
| 1621 South Glenside Road | : |
| West Chester, PA  19380 | : |
| | : |
| vs. | : NO. |
| | : |
| NATIONWIDE MUTUAL INSURANCE | : |
| COMPANY | : |
| 1 Nationwide Plaza | : |
| Columbus, OH  43215 | : |

## CIVIL ACTION – CLASS ACTION COMPLAINT

### Parties

1.       The plaintiff, Brendan Smith, is an adult individual citizen and resident of the

Commonwealth of Pennsylvania residing at 1621 South Glenside Road, West Chester, PA

19380.

2.       At all times material hereto, the plaintiff, Brendan Smith, resided with his parents,

Jane B. Smith and Scott R. Smith, at 1621 South Glenside Road, West Chester, PA  19380.

3.       The defendant, Nationwide Mutual Insurance Company ("Nationwide"), is a

corporation organized and existing under the laws of the is corporation organized and existing in

the State of Ohio, with its principal place of business in Columbus, Ohio, being duly authorized to

regularly and routinely and conducting business in the City and County of Philadelphia,

Pennsylvania.

4.       The defendant, Nationwide, regularly and routinely conducts business in the City

and County of Philadelphia.

1

5.      The present action seeks declaratory relief and compensatory contractual underinsured motorist benefits on behalf of the individual plaintiff, and on behalf of a class of similarly situated persons, under Insurance Policies issued by the defendant, Nationwide, in the Commonwealth of Pennsylvania.

<u>**Insurance Coverage**</u>

6.      At all times material hereto, there existed, in full force and effect, a Motorcycle Policy issued by the State Farm Mutual Automobile Insurance Company to the plaintiff, Brendan Smith, providing coverage in accordance with the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S.A. § 1701 et seq. ("MVFRL" or "Financial Responsibility Law").

7.      The Motorcycle Policy issued by the State Farm Mutual Automobile Insurance Company to the plaintiff, Brendan Smith, provided, *inter alia*, $15,000.00/$30,000.00 in underinsured motorist coverage for one (1) motorcycle.

8.      At all times material hereto, there existed, in full force and effect, a Personal Auto Policy issued by the State Farm Mutual Automobile Insurance Company to the plaintiff, Brendan Smith, providing coverage in accordance with the MVFRL.

9.      The Personal Auto Policy issued by the State Farm Mutual Automobile Insurance Company to the plaintiff, Brendan Smith, provided, inter alia, $15,000.00/$30,000.00 in underinsured motorist coverage for one (1) motor vehicle.

10.     At all times material hereto, there existed, in full force and effect, a Personal Auto Policy issued by the defendant, Nationwide, to Jane B. Smith and Scott R. Smith providing coverage in accordance with the requirements of the MVFRL ("Nationwide Policy"). A true and correct copy of the Policy is attached hereto as Exhibit "A".

**2**

11.     The Nationwide Policy issued by the defendant, Nationwide, to Jane B. Smith and Scott R. Smith provided, *inter alia*, $50,000.00/$100,000.00 in stacked underinsured motorist coverage for two (2) motor vehicles.    See Exhibit "A".

## Accident

12.     On June 26, 2018, the plaintiff, Brendan Smith, was operating his motorcycle in an eastbound direction of the 1600 block of West Chester Pike when a vehicle operated by Robert J. Cureton attempted to exit the driveway of the Heather Glen Apartments in order to make a left hand turn to proceed in a westbound direction on West Chester Pike, thereby driving directly into the path of the motorcycle operated by the plaintiff, Brendan Smith, causing a violent collision between the vehicles.

13.     At the time of the accident, Robert J. Cureton failed to exercise due care in exiting the driveway of the Health Glen Apartments and negligently attempted to make a left hand turn onto westbound West Chester Pike; in so doing, Robert J. Cureton drove directly into the path of the motorcycle being operated by the plaintiff, Brendan Smith.

14.     The plaintiff, Brendan Smith, tried, to no avail, to avoid the vehicle operated by Robert J. Cureton, which drove directly into his lane of travel; however, the plaintiff, Brendan Smith, was unable to avoid striking the left rear of the vehicle of Robert J. Cureton, causing him to become airborne and thereafter being thrown onto West Chester Pike.

15.     The plaintiff, Brendan Smith, sustained serious and permanent injuries in the collision.

16.     The serious and permanent injuries sustained by the plaintiff, Brendan Smith, were caused by the negligence and carelessness of Robert J. Cureton.

**Tort Action**

17.     At the time of the accident there existed a Personal Automobile Policy of Insurance issued by the Allstate Insurance Company to Robert J. Cureton providing coverage in accordance with the requirements of the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S.A. § 1701 et seq.

18.     The policy of insurance issued by the Allstate Insurance Company to Robert J. Cureton provided, *inter alia,* $25,000.00/$50,000.00 in liability coverage.

19.     Following the motor vehicle accident, the plaintiff, Brendan Smith, made claim upon Robert J. Cureton and the Allstate Insurance Company for recovery of damages in tort.

20.     Following receipt of the claim for recovery of damages in tort, the Allstate Insurance Company tendered to the plaintiff, Brendan Smith, the $25,000.00 liability limit of coverage under the policy of insurance issued to Robert J. Cureton.

21.     The liability coverage available to Robert J. Cureton for his negligence and carelessness in the operation of his motor vehicle is insufficient to compensate the plaintiff, Brendan Smith, for the serious injuries and damages sustained in the accident.

22.     Robert J. Cureton is an underinsured motorist as defined by the relevant policies of insurance and the MVFRL.

**Underinsured Motorist Claim (Motorcycle Policy)**

23.     Following the June 26, 2018 motor vehicle accident, the plaintiff, Brendan Smith, made claim upon the State Farm Mutual Automobile Insurance Company for recovery of underinsured motorist benefits under the Motorcycle Policy.

24.     Following receipt of the claim for recovery of underinsured motorist benefits, the

4

State Farm Mutual Automobile Insurance Company tendered to the plaintiff, Brendan Smith, the $15,000.00 limit of underinsured motorist coverage under the Motorcycle Policy.

25.    The limits of liability coverage of the policy issued by the Allstate Insurance Company to Robert J. Cureton and the limits of primary underinsured motorist coverage of the Motorcycle Policy issued by the State Farm Mutual Automobile Insurance Company, are insufficient to compensate the plaintiff, Brendan Smith, for the serious and permanent injuries sustained in the June 26, 2018 motor vehicle accident.

### Underinsured Motorist Claim (Personal Auto Policy)

26.    Following the June 26, 2018 motor vehicle accident, the plaintiff, Brendan Smith, made claim upon the defendant, Nationwide, seeking recovery of underinsured motorist benefits under the Nationwide Policy issued to his parents, Jane B. Smith and Scott R. Smith.

27.    Following receipt of the claim for recovery of underinsured motorist benefits under the Nationwide Policy, the defendant, Nationwide, denied and disclaimed the claim of the plaintiff, Brendan Smith.

28.    By letter dated October 3, 2018, Kevin Soldo of the Claims Department of the defendant, Nationwide, issued a formal denial and disclaimer stating, in pertinent part:

You were inquiring whether UI coverage would be available to Brendan Smith under the Nationwide policy 58 37 C 085209 issued to Jane Smith.  When we recently spoke by phone, we reviewed the 'family car' exclusion that is contained in the Nationwide policy.  Attached is a certified copy of the Nationwide policy.

Please refer to Endorsement 3591 contained in the policy which states:

UNDERINSURED MOTORISTS
COVERAGE EXCLUSIONS

Exclusion 6. is deleted and replaced by the following:

**5**

6. Bodily injury suffered while occupying a motor vehicle owned by you or a relative but not insured for Underinsured Motorists coverage under this policy; nor to bodily injury from being hit by any such motor vehicle. If you purchased 'Underinsured Motorists-Bodily Injury Stacked' coverage, this exclusion does not apply to bodily injury suffered while occupying or struck by a motor vehicle owned by you or a relative that is insured for Underinsured Motorists coverage under any policy issued by us or any affiliated company."

Please also refer to page D1 of the policy under the Definitions section.

The policy defines
2. "YOU" and "YOUR" mean:
a) the policyholder and spouse, if resident of the same household, when the policyholder is a person: or......

3. "RELATIVE" means one who regularly lives in your household and who is related to you by blood, marriage or adoption (including a ward or foster child). A relative may live temporarily outside your household.

Based on the above, there is no UI coverage available for Brendan Smith under Nationwide policy 58 37 C 085209 because he was operating a vehicle he owned but was not insured for UI coverage under this policy.

A true and correct copy of the October 3, 2018 letter is attached hereto and marked Exhibit "B".

29.     The denial and disclaimer of coverage by the defendant, Nationwide, is premised upon the household exclusion, as noted above, set forth in the Nationwide Policy issued to Jane B. Smith and Scott R. Smith.

30.     The household exclusion is violative of the MVFRL in that it abrogates the inter-policy stacking of the underinsured motorist coverage in the household for which a specific, additional premium was charged and accepted.

**Stacking of Underinsured Motorist Coverage**

31.     Under the Financial Responsibility Law, uninsured and underinsured motorist coverages are to be stacked unless waived by the named insured.

32.     Section 1738 of the MVFRL provides, in pertinent part:

6

(a) **Limit for each vehicle**.- When more than one vehicle is insured under one or more policies providing uninsured or underinsured motorist coverage, the stated limits for uninsured or underinsured coverage shall apply separately to each vehicle so insured. The limits of coverage available under this subchapter for an insured shall be the sum of the limits for each motor vehicle as to which the injured person is an insured.

(b) **Waiver**.- Notwithstanding the provisions of subsection (a), a named insured may waive coverage providing stacking or uninsured or underinsured coverage in which case the limits of coverage available under the policy for an insured shall be the stated limits for the motor vehicle as to which the injured person is an insured.

(c) **More than one vehicle**.- Each named insured purchasing uninsured or underinsured motorist coverage for more than one vehicle under a policy shall be provided the opportunity to waive the stacked limits of coverage and instead purchase as described coverage as described in subsection (b). The premiums for an insured who exercise such waiver shall be reduced to reflect the different cost of such coverage.

75 Pa.C.S.A. §§ 1738(a)(b) and (c).

33.     Stacking of uninsured and underinsured motorist coverages includes both intra-policy stacking and inter-policy stacking.

34.     Intra-policy stacking is the cumulation of multiple coverages under single policies; inter-policy stacking is the cumulation of multiple coverages under multiple policies in a household.

35     Jane B. Smith and Scott R. Smith selected and paid for stacked underinsured motorist coverage under the Nationwide Policy.

36.     As a resident relative of the household of Jane B. Smith and Scott R. Smith, the plaintiff, Brendan Smith, is entitled to stack the underinsured motorist coverage under the Nationwide Policy issued to Jane B. Smith and Scott R. Smith.

37.     As a resident relative of the household of Jane B. Smith and Scott R. Smith, the plaintiff, Brendan Smith, is entitled to recover stacked underinsured motorist benefits under the Nationwide Policy issued to Jane B. Smith and Scott R. Smith.

7

## Eligibility to Recover

38.   The Insuring Agreement of the Underinsured Motorist Coverage Part of the

Nationwide Policy issued to Jane B. Smith and Scott R. Smith provides, in pertinent part:

**YOU AND A RELATIVE**

**We** will pay compensatory damages, including derivative claims, which are due by law to **you** or a **relative** from the owner or driver of an **underinsured motor vehicle** because of **bodily injury** suffered by **you** or a **relative**. Damages must result from an accident arising out of the:

1. ownership;
2. maintenance; or
3. use;

of the **underinsured motor vehicle**.

See Exhibit "A", Nationwide Policy, p. UI1.

39.   Under the Nationwide Policy issued to Jane B. Smith and Scott R. Smith, *relative*

is defined as follows:

"RELATIVE" means one who regularly lives in **your** household and who is related to **you** by blood, marriage or adoption (including a ward or foster child). A **relative** may live temporarily outside **your** household.

See Exhibit "A", Nationwide Policy,  p. D1.

40.   The plaintiff, Brendan Smith, is a member of the household of Jane B. Smith and

Scott R. Smith; therefore, the plaintiff, Brendan Smith, is eligible to recover underinsured

motorist benefits under the Nationwide Policy issued to Jane B. Smith and Scott R. Smith.

41.   The plaintiff, Brendan Smith, is a relative as defined by the Nationwide Policy for

purposes of recovery of underinsured motorist benefits.

42.   Under the Nationwide Policy issued to Jane B. Smith and Scott R. Smith,

*underinsured motor vehicle*  is defined as follows:

**8**

An "UNDERINSURED MOTOR VEHICLE" is a **motor vehicle** for which bodily injury liability coverage, bonds or insurance are in effect. However, their total amount is insufficient to pay the damages an **insured** is entitled to recover. **We** will pay damages that exceed such total amount.

See Exhibit "A", Nationwide Policy, p. DI1.

43.    The vehicle operated by Robert J. Cureton had insufficient liability coverage to pay for the losses and damages sustained by the plaintiff, Brendan Smith, in the June 26, 2018 motor vehicle accident; therefore, the vehicle operated by Robert J. Cureton is an underinsured motor vehicle.

44.    The plaintiff, Brendan Smith, is entitled to and eligible for recovery of stacked underinsured motorist benefits under the Nationwide Policy issued to Jane B. Smith and Scott R. Smith.

## Amount of Recovery

45.    The Nationwide Policy issued to Jane B. Smith and Scott R. Smith sets forth the amount of underinsured motorist benefits recoverable by an eligible claimant.

46.    The Nationwide Policy issued to Jane B. Smith and Scott R. Smith provides, in pertinent part:

**Limits and Conditions of Payment**

**AMOUNTS PAYABLE FOR UNDERINSURED MOTORISTS LOSSES**

We agree to pay losses up to the limits stated in the policy Declarations. The following applies to these limits:

2.    Coverage applies as stated in the Declarations. The insuring of more than one person or vehicle under this policy does not increase **our** Underinsured Motorists payment limits. In no event will any **insured** be entitled to more than the highest per-person limit applicable to any one **motor vehicle** under this policy or any other policy issued by **us**. However, if **your** Declarations show **you** have elected "Underinsured Motorists-Bodily Injury Stacked" coverage, the sum of limits for **your autos** apply to **you** or a **relative** as stated in the Declarations.

9

See Exhibit "A", Nationwide Policy, pp. UI3-UI4.

47.    The plaintiff, Brendan Smith, is entitled to recover, therefore, up to $100,000.00 in stacked underinsured motorist benefits from the defendant, Nationwide, under the Nationwide Policy issued to Jane B. Smith and Scott R. Smith.

### Disclaimer of Coverage

48.    The denial and disclaimer of underinsured motorist coverage under the Nationwide Policy issued to Jane B. Smith and Scott R. Smith was based upon the household exclusion contained in that policy.  See Exhibit "B".

49.    The household exclusion contained in the Nationwide Policy issued to Jane B. Smith and Scott R. Smith, provides:

**UNDERINSURED MOTORISTS**

**COVERAGE EXCLUSIONS**

Exclusion 6. is deleted and replaced by the following:

6. **Bodily injury** suffered while **occupying** a **motor vehicle** owned by **you** or a **relative** but not insured for Underinsured Motorists coverage under this policy; nor to **bodily injury** from being hit by any such **motor vehicle**.  If **you** purchased 'Underinsured Motorists-Bodily Injury Stacked' coverage, this exclusion does not apply to **bodily injury** suffered while **occupying** or struck by a **motor vehicle** owned by **you** or a **relative** that is insured for Underinsured Motorists coverage under any policy issued by **us** or any affiliated company."

See Exhibit "A", Nationwide Policy, Automobile Policy Amendatory Endorsement 3591.

50.    The household exclusion contained in the Nationwide Policy issued to Jane B. Smith and Scott R. Smith purportedly eliminates the stacking benefit for which Jane B. Smith and Scott R. Smith paid an additional premium.

51.    Jane B. Smith and Scott R. Smith specifically selected stacking underinsured

**10**

motorist coverage under the Nationwide Policy.

52.    Jane B. Smith and Scott R. Smith paid an additional premium for stacked underinsured motorist coverage under the Nationwide Policy.

53.    The stacking benefit selected by Jane B. Smith and Scott R. Smith under the Personal Auto Policy issued by Nationwide includes inter-policy stacking.

54.    The selection of inter-policy stacking by Jane B. Smith and Scott R. Smith thereby permits their son, Brendan Smith, to recover additional, stacked underinsured motorist benefits under the Nationwide Policy for the injuries sustained in the June 26, 2018 motor vehicle accident.

55.    The household exclusion is a hidden and disguised waiver of inter-policy stacking under the Nationwide Policy.

56.    The fact that the plaintiff, Brendan Smith, was operating a vehicle insured by an insurance carrier other than the defendant, Nationwide, or affiliated companies is of no consequence; the household exclusion is void and unenforceable in these circumstances.

57.    The Legislature has stated that stacking may only be waived provided the named insured signs a form as set forth in the MVFRL.

58.    Section 1738 of the Financial Responsibility Law provides, in pertinent part:

(d) Forms.-

(1) The named insured shall be informed that he may exercise the waiver of the stacked limits of uninsured motorist coverage by signing the following written rejection from:

UNINSURED COVERAGE LIMITS

By signing this waiver, I am rejecting stacked limits of uninsured motorist coverage under the policy for myself and members of my household under which the limits of coverage  available would be the sum of limits for each motor vehicle insured under the policy. Instead, the limits of coverage that I am purchasing shall be reduces to

11

the limits stated in the policy. I knowingly and voluntarily reject the staked limits of coverage . I understand that my premium will be reduced if I reject this coverage.

_____

Signature of First Named Insured

_____

Date

    (2) The named insured shall be informed that he may exercise the waiver of the stacked limits on underinsured motorist coverage by signing the following written rejection form:

### UNDERINSURED COVERAGE LIMITS

    By signing this waiver, I am rejecting stacked limits of underinsured motorist coverage under the policy for myself and members of my household under which the limits of coverage available would be the sum of limits for each motor vehicle insured under the policy. Instead , the limits of coverage that I am purchasing shall be reduced to the limits stated in the policy.  I knowingly and voluntarily reject that stacked limits of coverage.  I understand that my premium will be reduced if I reject this coverage .

_____

Signature of First Named Insured

_____

Date

    (e) Signature and date.- The forms described in subsection(d) must be signed by the first named insured and dated to be valid. Any rejection form that does not comply with this section is void.

75 Pa.C.S.A. §§ 1738(d),(e).

    59.    Jane B. Smith and Scott R. Smith did not sign a Rejection of Stacked

Underinsured Motorist Coverage.

    60.    Jane B. Smith and Scott R. Smith, in fact, elected to have stacked underinsured

motorist coverage under the Nationwide Policy for the benefit of themselves and members of

their household.

**12**

61.     As a resident relative of Jane B. Smith and Scott R. Smith, the plaintiff, Brendan Smith, is eligible for recovery of stacked underinsured motorist coverage under the Nationwide Policy issued to Jane B. Smith and Scott R. Smith.

62.     The denial and disclaimer of stacked underinsured motorist coverage to the plaintiff, Brendan Smith, by reason of the household exclusion is illegal and violative of the MVFRL.

63.     The household exclusion is a disguised and hidden waiver of stacking of inter-policy underinsured motorist coverage to which Jane B. Smith and Scott R. Smith never agreed or consented.

## Class Action Allegations

64.     The plaintiff, Brendan Smith, brings this action individually and on behalf of a class of similarly situated persons as a class action pursuant to the Pennsylvania Rules of Civil Procedure.

65.     The defendant, Nationwide, has continuously, systematically, wrongfully and wantonly denied and/or failed to acknowledge the availability of stacked uninsured and underinsured motorist coverages under policies issued in accordance with the requirements of the MVFRL by reason of the household exclusion under policies where stacked coverage has been elected.

66.     The plaintiff, Brendan Smith, seeks to represent a class of persons injured in motor vehicle accidents from 2013 to the present as a result of the negligence of an uninsured or an underinsured motorist who were insureds under Automobile Policies providing uninsured and/or underinsured motorist coverage in accordance with the MVFRL and where: (a) the named insured elected stacked uninsured and underinsured motorist coverage; (b) the named insured

13

paid an additional premium for stacked uninsured and/or underinsured motorist coverage; (c) a claim was made for recovery of uninsured and/or underinsured motorist coverage under the policy; (d) the claim for recovery of uninsured or underinsured motorist coverage was denied by reason of the household exclusion; and (e) inter-policy stacking of underinsured motorist benefits was denied to an otherwise eligible claimant by reason of the household exclusion where, nonetheless, the named insured had elected and paid for stacked uninsured and/or underinsured motorist coverage under the policy.

67.     The plaintiff, Brendan Smith, reserves the right to amend the definition and/or identify subclasses upon completion of class certification.

68.     The putative class is limited to residents of the Commonwealth of Pennsylvania in numbers sufficient to allow class certification.

69.     The members of the class are so numerous that joinder of them is impracticable.

70.     Identification of the members of the class can be ascertained in and through discovery of the files and/or computer data base of the defendant, Nationwide.

72.     A class action is the only practicable means available for the members of the class to pursue the appropriate remedies and receive the necessary underinsured motorist benefits under the policies of insurance in question.

73.     A class action is the only practicable means available to prevent the defendant, Nationwide, from engaging in the continuous and systematic illegal and unlawful conduct under the MVFRL and to remedy the harm created by this illegal and unlawful conduct.

74.     The questions of law and fact are common to the members of the class which the plaintiff, Brendan Smith, seeks to represent.

**14**

75.     The questions of law and fact common to the members of the class predominate over questions that may affect only individual members.

76.     The common questions of law and fact which control this litigation predominate over any individual issues include, but are not limited to:

(a)     Each member of the class suffered injury as a result of the negligence of an uninsured and/or underinsured motorist;

(b)     Each member of the class is eligible as a named insured or an insured to recover uninsured and/or underinsured motorist benefits under a policy of insurance issued by the defendant, Nationwide, which provided stacked uninsured and/or underinsured motorist coverage in accordance with the MVFRL;

(c)     Each policy under which each class member is eligible to recover uninsured and/or underinsured motorist benefits in connection with injuries sustained in a motor vehicle accident;

(d)     Under each policy, the named insured selected and paid for stacked uninsured and/or underinsured motorist coverage;

(e)     Under each  policy, a named insured or an insured made claim for recovery of uninsured and/or underinsured motorist benefits under the policy providing stacked coverage;

(f)     Under each policy, the claim for recovery of uninsured and/or underinsured motorist benefits was denied by reason of the household exclusion contained in the policy;

(g)     The denial and disclaimer of uninsured and/or underinsured motorist coverage by reason of the household exclusion is illegal and violative of the terms and provisions of the MVFRL;

(h)     The household exclusion contained in each policy is a disguised stacking waiver which is violative of the terms and provisions of the MVFRL;

(i)     Each member of the class is entitled to a declaration that he or she is entitled to recover underinsured motorist benefits under the policy of insurance issued by the defendant, Nationwide, under which claim has been made;

(j)     Each member of the class is entitled to recover stacked uninsured and/or underinsured motorist benefits under the policy of insurance issued by the defendant, Nationwide, under which claim has been made.

**15**

77.     The plaintiff, Brendan Smith, is a member of the class that he seeks to represent.

78.     The claims of the plaintiff, Brendan Smith, are typical of the claims of other members of the class which he purports to represent.

79.     The plaintiff, Brendan Smith, is well qualified to act as class representative.

80.     The plaintiff, Brendan Smith, will fairly and adequately protect the interests of the members of the class.

81.     The plaintiff, Brendan Smith, has no interest that is adverse or antagonistic to the interests of the members of the class.

82.     The plaintiff, Brendan Smith, is committed to prosecuting the class action.

83.     The plaintiff, Brendan Smith, has retained competent counsel who are experienced in litigation of this nature.

84.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

85.     Joinder of all class matters is impracticable and the likelihood of individual class members prosecuting separate claims is remote due to the fact that the members of the class do not know that they are entitled to uninsured motorist coverage.

86.     The expense and burden of individual litigation makes it unlikely that a substantial member of the class members will individually seek redress for the wrongs done to them.

87.     It is desirable for all concerned to concentrate the litigation in this particular forum for adjudication.

88.     The plaintiff, Brendan Smith, anticipates no difficulty in the management of this action as a class action.

89.     The class action brought by the plaintiff, Brendan Smith, is a convenient and proper forum in which to litigate the claim.

90.     The prosecution of separate actions by individual class members would create the risk of bearing inconsistent determinations that could confront the defendant, Nationwide, with incompatible standards of conduct and which could prejudice non-parties to any adjudication or substantially impede their ability to protect their own interests because of the overriding common questions of law and fact involved in the matter.

91.     Prosecution of these claims as a class action will result in an orderly and expeditious administration of the claims and will foster economies of time, effort and expense.

92.     Prosecution of these claims as a class action will contribute to uniformity of decisions concerning the practices of the defendant, Nationwide.

## COUNT I
### (Declaratory Relief)

93.     The plaintiff, Brendan Smith, hereby incorporates by reference the foregoing Paragraphs 1 through 92 of this Complaint as though same were fully set forth herein.

94.     The Nationwide Policy issued to Jane B. Smith and Scott R. Smith provides stacked underinsured motorist coverage.

95.     Jane B. Smith and Scott R. Smith paid an additional premium for stacked underinsured motorist coverage under the Nationwide Policy.

96.     As a resident of the household of Jane B. Smith and Scott R. Smith, the plaintiff, Brendan Smith, is eligible to recover stacked underinsured motorist benefits under the

17

Nationwide Policy issued to this parents, Jane B. Smith and Scott R. Smith.

97.     The defendant, Nationwide, has denied and disclaimed coverage for underinsured motorist benefits to the plaintiff, Brendan Smith, under the Nationwide Policy issued to Jane B. Smith and Scott R. Smith by reason of the household exclusion contained in that policy.

98.     The household exclusion is a disguised stacking waiver and is thus violative of the MVFRL.

99.     In order to effectuate a valid waiver of stacked underinsured motorist coverage, a named insured must sign a form as prescribed by § 1738 of the MVFRL, 75 Pa.C.S.A. § 1738.

100.    Jane B. Smith and Scott R. Smith elected stacked underinsured motorist coverage under the Nationwide Policy; at no time did Jane B. Smith or Scott R. Smith sign any waiver of stacking of underinsured motorist coverage under the Nationwide Policy.

101.    The plaintiff, Brendan Smith, is entitled to recover stacked underinsured motorist coverage under the policy issued to his parents, Jane B. Smith and Scott R. Smith.

102.    The defendant, Nationwide, has wrongfully, willfully and wantonly refused to provide stacked underinsured motorist coverage to the plaintiff, Brendan Smith.

103.    The refusal of the defendant, Nationwide, to make stacked underinsured motorist coverage available to the plaintiff, Brendan Smith, is unlawful, illegal and in wanton and willful disregard of the rights of the plaintiff, Brendan Smith.

104.    The denial and disclaimer of underinsured motorist coverage to the plaintiff, Brendan Smith, under the Nationwide Policy is a material breach of that policy.

105.    The denial and disclaimer of underinsured motorist coverage to the plaintiff, Brendan Smith, under the Nationwide Policy is in direct violation of the specific terms and provisions of the MVFRL.

106.   The refusal of the defendant, Nationwide, to make stacked uninsured and/or underinsured motorist coverage available to the members of the class is in violation of the specific terms of the MVFRL.

107.   The denial and disclaimer of underinsured motorist benefits to each member of the class is a wrongful, wanton and willful breach of each policy of insurance providing stacked uninsured and/or underinsured motorist coverage issued by the defendant, Nationwide.

108.   The defendant, Nationwide, has acted wantonly, willfully and in reckless disregard of the rights of the plaintiff, Brendan Smith.

109.   The defendant, Nationwide, has acted wantonly, willfully and in reckless disregard of the rights of each member of the class.

110.   The plaintiff, Brendan Smith, is entitled to a declaration that he is entitled to recover stacked underinsured motorist coverage under the Nationwide Policy issued to Jane B. Smith and Scott R. Smith.

111.   Each member of the class is entitled to a declaration that he and/or she is entitled to recover stacked uninsured and/or underinsured motorist coverage under the pertinent policy of insurance issued by the defendant, Nationwide.

112.   The controversy poses an issue for judicial determination under the Declaratory Judgment Act.

113.   The controversy involves substantial rights of the parties to the action.

114.   The controversy poses an issue for judicial determination which is not within the scope of authority of any arbitrator or arbitration panel pursuant to the policy of insurance in question.

115.   A judgment of this court in this action will also be useful for the purpose of

19

clarifying and settling the legal relations at issue between the parties.

116.    A judgment of this court will determine, terminate and afford relief from the uncertainty and controversy giving rise to this action.

117.    The plaintiff, Brendan Smith, and members of the class are entitled to counsel fees as a result of the vexatious and obdurate conduct of the defendant, Nationwide, in the handling and defense of these underinsured motorist claims.

WHEREFORE, the plaintiff, Brendan Smith, respectfully requests that the Court enter an Order:

(a)    declaring that the plaintiff, Brendan Smith, is entitled to recover stacked underinsured motorist coverage under the Personal Auto Policy issued by the defendant, Nationwide Mutual Insurance Company, to Jane B. Smith and Scott R. Smith in connection with the injuries sustained by the plaintiff, Brendan Smith, in the June 26, 2018 motor vehicle accident.

(b)    declaring that each member of the class is entitled to recover stacked uninsured and/or underinsured motorist coverage under the applicable policy providing stacked uninsured and/or underinsured motorist coverage;

(c)    awarding interest, counsel fees and costs; and

(d)    such other relief as the court deems appropriate.

## COUNT II
### (Breach of Contract – Compensatory Relief)

118.    The plaintiff, Brendan Smith, hereby incorporates by reference the foregoing Paragraphs 1 through 117 of this Complaint as though same were fully set forth herein.

119.    The plaintiff, Brendan Smith, sustained serious and permanent personal injury in the June 26, 2018 motor vehicle accident as a result of the negligence and carelessness of the underinsured motorist, Robert J. Cureton.

120.    The plaintiff, Brendan Smith, is eligible to recover underinsured motorist benefits

**20**

under the Nationwide Policy issued to Jane B. Smith and Scott R. Smith in connection with injuries sustained in the June 26, 2018 motor vehicle accident.

121.   In the June 26, 2018 motor vehicle accident, the plaintiff, Brendan Smith, sustained, *inter alia*:

(a)   severe trauma to multiple parts of his body;

(b)   severe and permanent orthopedic injuries;

(c)   shattered right talus bone requiring multiple surgeries and hospitalizations;

(d)   extensive skin damage and scarring to multiple parts of his body by reason of being thrown onto the road surface and suffering injuries and scraping;

(e)   injuries to his nerves and nervous system;

(f)   shock to his body and injury to numerous body parts;

(g)   continuing pain, restriction and disability;

(h)   need for continuing treatment, care and rehabilitation;

(i)   such other injuries and damages as may be developed more fully during the course of discovery.

122.   The serious and permanent injuries sustained by the plaintiff, Brendan Smith, were a direct result of the negligence and carelessness of Robert J. Cureton, the operator of the underinsured motor vehicle.

123.   The Nationwide Policy issued to Jane B. Smith and Scott R. Smith provides stacked underinsured motorist coverage.

124.   Jane B. Smith and Scott R. Smith paid and additional premium for stacked underinsured motorist coverage under the Nationwide Policy issued by the defendant,

Nationwide.

125.     As a resident of the household of Jane B. Smith and Scott R. Smith, the plaintiff, Brendan Smith is eligible to recover stacked underinsured motorist benefits under the Nationwide Policy issued to this parents, Jane B. Smith and Scott R. Smith.

126.     The defendant, Nationwide, has denied and disclaimed coverage for underinsured motorist benefits to Brendan Smith under the Nationwide Policy issued to Jane B. Smith and Scott R. Smith by reason of the household exclusion contained in that policy.

127.     The household exclusion is a hidden and disguised stacking waiver, being violative of the MVFRL.

128.     In order to effectuate a valid waiver of stacked underinsured motorist coverage, a named insured must sign a form as prescribed by § 1738 of the MVFRL 75 Pa.C.S.A. § 1738.

129.     Jane B. Smith and Scott R. Smith elected stacked underinsured motorist coverage under the Nationwide Policy; at no time did Jane B. Smith or Scott R. Smith sign any waiver of stacking of underinsured motorist coverage under the Nationwide Policy.

130.     The plaintiff, Brendan Smith, is entitled to recover stacked underinsured motorist coverage under the Nationwide Policy issued to his parents, Jane B. Smith and Scott R. Smith.

131.     The defendant, Nationwide, has wrongfully, willfully and wantonly refused to provide stacked underinsured motorist coverage to the plaintiff, Brendan Smith.

132.     The refusal of the defendant, Nationwide, to make stacked underinsured motorist coverage available to the plaintiff, Brendan Smith, is unlawful, illegal and in wanton and willful disregard of the rights of the plaintiff, Brendan Smith.

133.     The denial and disclaimer of underinsured motorist coverage to the plaintiff, Brendan Smith, under the Nationwide Policy is a material breach of that policy.

**22**

134.    The denial and disclaimer of underinsured motorist coverage to the plaintiff, Brendan Smith, under the Nationwide Policy is in direct violation of the specific terms and provisions of the MVFRL.

135.    The refusal of the defendant, Nationwide, to make stacked uninsured and/or underinsured motorist coverage available to the members of the class is in violation of the specific terms of the MVFRL.

136.    The denial and disclaimer of underinsured motorist benefits to each member of the class is a wrongful, wanton and willful breach of each policy of insurance providing stacked uninsured and/or underinsured motorist coverage issued by the defendant, Nationwide.

137.    The defendant, Nationwide, has acted wantonly, willfully and in reckless disregard of the rights of the plaintiff, Brendan Smith.

138.    The defendant, Nationwide, has acted wantonly, willfully and in reckless disregard of the rights of each member of the class.

139.    The plaintiff, Brendan Smith, is entitled to recover stacked underinsured motorist coverage under the Nationwide Policy issued to Jane B. Smith and Scott R. Smith in order to compensate him for his injuries.

140.    Each member of the class is entitled to recover stacked uninsured and/or underinsured motorist coverage under the pertinent policy of insurance issued by the defendant, Nationwide, for injuries sustained in motor vehicle accidents.

141.    As a result of the negligence and carelessness of Robert J. Cureton, the plaintiff, Brendan Smith, has suffered and will continue to suffer, throughout the course of his life, pain, restriction and disability.

**23**

142.    As a result of the negligence and carelessness of Robert J. Cureton, the plaintiff, Brendan Smith, has sustained serious and permanent injuries which will worsen as he ages.

143.    As a result of the negligence and carelessness of Robert J. Cureton, the plaintiff, Brendan Smith, will need ongoing care, therapy and rehabilitation.

144.    As a result of the negligence and carelessness of Robert J. Cureton, the plaintiff, Brendan Smith, has sustained a loss of earnings and an impairment of earning capacity which is permanent and continuing.

145.    The plaintiff, Brendan Smith, is entitled to recover stacked underinsured motorist benefits under the Nationwide Policy issued to Jane B. Smith and Scott R. Smith for the injuries sustained in the June 26, 2018 motor vehicle accident.

146.    Each member of the class sustained injury in a motor vehicle accident as a result of the negligence and carelessness of an uninsured and/or underinsured motorist.

147.    Each member of the class has been denied uninsured and/or underinsured motorist benefits under a policy providing stacked coverage with the denial being based upon the household exclusion.

148.    Each member of the class is entitled to recover stacked uninsured and/or underinsured motorist benefits under the relevant policy under which she and/or she is an insured and/or named insured.

149.    The defendant, Nationwide, has breached the terms, agreements, promises and provisions of the Nationwide Policy issued to Jane B. Smith and Scott R. Smith by failing to make payment of stacked underinsured motorist benefits to the plaintiff, Brendan Smith.

150.    The defendant, Nationwide, has breached the terms, agreements, promises and provisions of each policy of insurance under which each member of the class has made claim for

24

recovery of stacked uninsured and/or underinsured motorist benefits by failing to make payment of the stacked uninsured and/or underinsured motorist benefits in an amount which is fair, reasonable and compensates each member of the class for his and/or her loss.

151.    The plaintiff, Brendan Smith, is entitled to recover stacked underinsured motorist benefits from the defendant, Nationwide.

152.    Each member of the class is entitled to recover stacked uninsured and/or underinsured motorist benefits from the defendant, Nationwide.

WHEREFORE, the plaintiff, Brendan Smith, respectfully requests that the Court enter an Order:

(a)    awarding $100,000.00 in stacked underinsured motorist benefits to the plaintiff, Brendan Smith, and against the defendant, Nationwide Mutual Insurance Company; and

**25**

(b)    awarding stacked uninsured and/or underinsured motorist benefits to each member of the class against the defendant, Nationwide Mutual Insurance Company.

HAGGERTY, GOLDBERG, SCHLEIFER & KUPERSMITH, P.C.

BY: _____
JAMES C. HAGGERTY, Esquire
I.D. # 30003
1835 Market Street, Suite 2700
Philadelphia, PA  19103
(267) 350-6600


SCHMIDT KRAMER P.C.

BY: _____
SCOTT B. COOPER, Esq.
I.D. # 70242
209 State Street
Harrisburg, PA 17101
(717) 232-6300


SBARBARO LAW OFFICES, LLC

BY: _____
AARON B. GORODETZER, Esquire
I.D. #203384
705 Gordon Drive
Exton, PA  19341
(610) 344-7300


Attorneys for Plaintiff

26

## VERIFICATION

I,  Brendan Smith, state that the facts set forth in the Complaint are true and correct to the best of my knowledge, information and belief.  I understand that the statements are made subject to the penalties of 18 Pa.C.S.A. §4904 relating to unsworn falsification to authorities.


BY: _____
         Brendan Smith