# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BRENDAN SMITH,** individually and on behalf of all others similarly situated<br><br>v.<br><br>**NATIONWIDE MUTUAL INSURANCE COMPANY** | CIVIL ACTION<br><br>NO. 19-1217 |

## MEMORANDUM RE: MOTION TO DISMISS

**Baylson, J.**                                                                                                    **June 24, 2019**

In this putative class action, Plaintiff Brendan Smith seeks underinsured motorist coverage ("UIM") from Defendant Nationwide Mutual Auto Insurance under his parent's automobile policy. Plaintiff brings claims for declaratory relief and breach of contract. (Compl., ECF 1.)

The central question presented in Defendant's Motion to Dismiss is whether the recent Pennsylvania Supreme Court case, Gallagher v. GEICO Indem. Co., 201 A.3d 131 (Pa. 2019), applies to this set of facts. Gallagher was the first time that a majority of the Pennsylvania Supreme Court addressed the viability of a household vehicle exception to a UIM policy under Pennsylvania's Motor Vehicle Financial Responsibility Law ("MVFRL").

For the following reasons, Defendant's motion is denied.

I.   **Factual allegations**[1]

   a.   **Insurance Coverage**

Plaintiff lived with his parents in West Chester, Pennsylvania, at all relevant times. (Compl. ¶ 2.) Plaintiff himself was covered by two insurance policies issued by State Farm Mutual Automobile Insurance Company—a motorcycle policy and a personal automobile policy. (Compl. ¶¶ 7, 9.) The motorcycle policy provided $15,000/$30,000 in UIM coverage for one motorcycle. (Compl. ¶ 7.) The automobile policy provided $15,000/$30,000 in UIM coverage for one motor vehicle. (Compl. ¶ 9.)

Smith's parents had an automobile insurance policy with Nationwide that provided for $50,000/$100,000 in stacked UIM coverage for two motor vehicles. (Compl. ¶ 11.) Smith's parents had "selected and paid for stacked underinsured motorist coverage under the Nationwide Policy," which would include "both intra-policy stacking and inter-policy stacking." (Compl. ¶¶ 33, 35.)[2]

   b.   **Smith's accident and insurance claims**

On June 26, 2018, while was driving his motorcycle, Smith was hit by a driver who was exiting a driveway. (Compl. ¶ 12.) Smith was thrown from the motorcycle and "sustained serious and permanent injuries in the collision" "caused by the negligence and carelessness" of the tortfeasor. (Compl. ¶¶ 15, 16.)

---

[1]   The Court accepts as true the factual allegations made in the Plaintiff's Complaint, as is required in evaluating a Motion to Dismiss. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

[2]   The Gallagher Court explained the way that uninsured/underinsured ("UM/UIM") coverage interacts with "stacking": "UM coverage applies when an insured suffers injury or damage caused by a third-party tortfeasor who is uninsured, whereas UIM coverage is triggered when a third-party tortfeasor injures or damages an insured and the tortfeasor lacks sufficient insurance coverage to compensate the insured in full. 'Stacking' refers to the practice of combining the insurance coverage of individual vehicles to increase the amount of total coverage available to an insured." Gallagher v. GEICO Indem. Co., 201 A.3d at 132 n.2.

Smith made a claim upon the tortfeasor's insurance policy with Allstate Insurance Co. which provided $25,000/$50,000 in liability coverage. (Compl. ¶¶ 17-18.) Smith received the $25,000 liability limit under the tortfeasor's Allstate policy. (Compl. ¶ 20.) Plaintiff alleges that this coverage was "insufficient to compensate [him] for the serious injuries and damages sustained in the accident," and that thus the tortfeasor is an "underinsured motorist" as defined by the MVFRL. (Compl. ¶¶ 21-22.)

Smith also filed a claim with State Farm for recovery of UIM benefits under his State Farm motorcycle policy. (Compl. ¶ 23.) Plaintiff received the $15,000 limit of UIM coverage under the motorcycle policy. (Compl. ¶ 24.) Plaintiff asserts that the limits of tortfeasor's insurance liability coverage and his motorcycle policy's UIM coverage were "insufficient to compensate [him] for the serious and permanent injuries sustained in the June 26, 2018 motor vehicle accident." (Compl. ¶ 25.)

Plaintiff then made a claim for UIM benefits under his parent's Nationwide policy. (Compl. ¶ 26.) Nationwide denied the claim based upon the "household vehicle exclusion" in the policy. (Compl. ¶¶ 27-29.) That exclusion states that there is no coverage for:

> 6. Bodily injury suffered while occupying a vehicle owned by you or a relative but not insured for Underinsured Motorists coverage under this policy; nor to bodily injury from being hit by any such motor vehicle. If you purchased 'Underinsured Motorists-Bodily Injury Stacked' coverage, this exclusion does not apply to bodily injury suffered while occupying or struck by a motor vehicle owned by you or a relative that is insured for Underinsured Motorists coverage under any policy issued by us or any affiliated company.

(Compl. ¶ 28, quoting Defendant's Oct. 3, 2018 denial and disclaimer letter.)

Plaintiff alleges that Defendant improperly denied his claim, and that under the MVFRL, uninsured and underinsured motorist coverage is to be "stacked unless waived by the named insured." (Compl. ¶ 31.) Thus, Plaintiff asserts that "[t]he household exclusion is violative of the

3

MVFRL in that it abrogates the inter-policy stacking of the underinsured motorist coverage in the household for which a specific, additional premium was charged and accepted." (Compl. ¶ 30.)

## II. Procedural History

Plaintiff filed his class action Complaint in the Philadelphia Court of Common Pleas on February 14, 2019. (Notice of Removal, ECF 1.) Defendant removed the case to this Court on March 22, 2019, asserting diversity jurisdiction. (Notice of Removal.) Defendant moved to dismiss Plaintiff's Complaint on March 29, 2019. (Mot., ECF 3.) Smith responded, Nationwide replied, and Smith surreplied. (Resp., ECF 6; Reply, ECF 9; Surreply, ECF 12.)[3]

## III. Discussion

### a. Gallagher v. GEICO

In Gallagher, the Pennsylvania Supreme Court held that a household vehicle exclusion contained in a motor vehicle insurance policy violates the MVFRL. 201 A.3d at 131. Appellant Brian Gallagher had two policies with GEICO—one for his motorcycle and one for his automobile—and had "opted and paid for stacked UM and UIM coverage when purchasing both policies." Id. at 133. When Gallagher was in an accident on his motorcycle and the tortfeasor was underinsured, he sought coverage under his motorcycle policy. Id. GEICO paid Gallagher's claim under the UIM coverage of his motorcycle policy but denied the claim under the UIM

---

[3] Plaintiff attaches as exhibits to his response: a copy of the insurance contract (Exhibit A), Nationwide's October 3, 2018 letter declining Plaintiff's claim (Exhibit B), and a copy of an amicus brief filed in Gallagher by the Pennsylvania Association for Justice (Exhibit D). Pursuant to Fed. R. Civ. P. 12(d), the Court has excluded these exhibits from consideration in deciding this motion.
    Plaintiff also attaches a copy of a recent opinion discussing Gallagher, Butta v. GEICO Cas. Co., No. CV 19-675, 2019 WL 1756019 (E.D. Pa. Apr. 19, 2019) (Kearney, J.). This opinion, addressed in briefing by both parties, is not factual material and therefore the Court properly considers it.

4

coverage of his automobile policy because of the household vehicle exception. Id.[4] GEICO had taken the position that the household vehicle exception "precluded Gallagher from receiving stacked UIM coverage pursuant to that policy." Id.

The trial court granted summary judgment for GEICO, and the Superior Court affirmed. Id. at 135. A majority of the Supreme Court, in an opinion written by Justice Baer, vacated and remanded. The Court evaluated the language of the MVFRL, concluding that under Subsection 1738(a), "stacked UM/UIM coverage is the default coverage available to every insured," and can only be waived if the statutorily prescribed waiver form has been signed. Id. at 137. The Court held that the household vehicle exception in Gallagher's policy, "buried in an amendment, is inconsistent with the unambiguous requirements of Section 1738 of the MVFRL under the facts of this case inasmuch as it acts as a *de facto* waiver of stacked UIM coverage provided for in the MVFRL, despite the indisputable reality that Gallagher did not sign the statutorily prescribed UIM coverage waiver form." Id. at 138.[5]

---

[4] The household vehicle exception in Gallagher's contract read: "This coverage does not apply to bodily injury while occupying or from being struck by a vehicle owned or leased by you or a relative that is not insured for Underinsured Motorists Coverage under this policy." Gallagher, 201 A.3d at 133.

[5] The Court discussed other Pennsylvania cases that addressed similar exclusion provisions, including in Gov't Employees Ins. Co. v. Ayers, 610 Pa. 205 (2011) and Erie Ins. Exch. v. Baker, 601 Pa. 355, 972 A.2d 507 (2008), noting that neither raise concerns regarding *stare decisis* because neither are binding precedent. Gallagher, 201 A.3d at 134, n. 3, 135 n.5.
In Ayers, an equally divided Supreme Court affirmed the Superior Court's decision that a household vehicle exclusion was "not contrary to the MVFRL or any other discernable public policy." Gov't Employees Ins. Co. v. Ayers, 955 A.2d 1025, 1031 (Pa. Super. 2008).
In Baker, the plaintiff was in an accident on his motorcycle, and had two different policies with different insurers for his motorcycle and automobile. 972 A.3d at 358. The plaintiff obtained UIM coverage under the motorcycle insurance, but then was denied UIM coverage under his automobile insurance, despite his having paid a premium for stacked coverage. Id. at 358-59, 370. The Pennsylvania Supreme Court affirmed the Superior Court's decision upholding judgment on the pleadings in favor of the insurer. No opinion in this case obtained a majority vote.

The Gallagher Court addressed the argument made by GEICO that it should not be made to cover risks it is unaware of if the insured is covered by other insurers. Id. at 138. Although the Court noted that in that case "GEICO was aware of this reality, as it sold both of the policies to Gallagher and collected premiums for stacked coverage from him," it also noted the scope of this holding to factually dissimilar cases:

> We recognize that this decision may disrupt the insurance industry's current practices; however, we are confident that the industry can and will employ its considerable resources to minimize the impact of our holding. For example, when multiple policies or insurers are involved, an insurer can require disclosure of all household vehicles and policies as part of its application process.

Id. at 138 n. 6.

Although this comment, in a footnote, does not explicitly state that the holding of Gallagher would be expanded to situations that involve more than one insurer, Justice Wecht's dissent certainly seems to accept that the scope of the majority opinion extends widely: "the Majority's '*de facto* waiver' rationale would apply even if GEICO had not known about Gallagher's motorcycle. In other words, the Majority interprets Section 1738 to mean that automobile insurers are required to cover unknown risks that were never factored into the calculation of insureds' premiums." Id. at 141 (Wecht, J., dissenting).

### b. Parties' contentions

Defendant's motion argues that Gallagher is "distinguishable from Plaintiff's allegations" because in Gallagher, "both policies were issued by GEICO, and GEICO unilaterally placed Gallagher's motorcycle and automobiles on two separate policies." (Mot. Memo. at 7.) Defendant contends that the Gallagher Court limited its holdings to those facts, and asserts that "the instant case is two factual steps removed from Gallagher: (1) the motorcycle was insured by

State Farm (Policy A), and not Nationwide; and (2) the Smith Parents, not Plaintiff, purchased Policy B from Nationwide." (Id. at 8.) Defendant alternatively argues that "[e]ven if Gallagher could be read to render the household exclusion void regardless of the circumstances, it would be inequitable to apply that holding here, as that would require Nationwide to pay for a risk it never agreed to insure, and Plaintiff never paid for," particularly where the policy was underwritten before Gallagher was decided. (Mot. at 12.)[6]

Plaintiff responds in two ways. He first argues that did not matter that Defendant did not know of the other policy here, that "the fact that Nationwide did not insure the motorcycle is of no relevance—no more significant than the fact that the injured victim may have been operating a car rather than a motorcycle." (Resp. Memo. at 22.) Plaintiff also responds that in Gallagher, the motorcycle policy was issued by GEICO Indemnity Company and the personal auto policy was issued by GEICO General Insurance Policy, who he contends are "separate and distinct." (Surreply at 1-2.)

Plaintiff focuses on the "methodology" employed by the Gallagher court, arguing that it represents a change in the way Pennsylvania courts review the underlying policy goal of the MVFRL. (Resp. at 10-12.) Plaintiff asserts that "[c]ost control is no longer used to justify unfair and inequitable policy exclusions" because the cost control goal has "now been jettisoned for the equally important goal of remediation." (Id.)

---

[6] Although Plaintiff characterizes this argument as a claim that Plaintiff "is somehow prejudiced by the retroactive application of Gallagher." (Resp. at 12.) Defendant asserts in its Reply that it "has not argued that Plaintiff is attempting to apply Gallagher retroactively, as was the case in the Butta v. GEICO case on which Plaintiff relies. Rather, Nationwide's position is that, where the facts alleged are as different from Gallagher as they are here, it would be inequitable to apply Gallagher to this case." (Reply. at 6.) The Court therefore evaluates Defendant's argument that Gallagher does not apply to this set of facts.

Defendant responds that the policy goal underlying the MVFRL has not changed, and cites to a number of opinions in pre-Gallagher cases that it asserts were not overruled by Gallagher, each of which noted the cost containment goals of the MVFRL. See Eichelman v. Nationwide Insurance Co., 711 A.2d 1006, 1010 (Pa. 1998) (a majority of the Pennsylvania Supreme Court wrote that "underinsured motorist coverage serves the purpose of protecting innocent victims from underinsured motorists who cannot adequately compensate the victims for their injuries," but noted that the "intent behind the MVFRL" was "to stop the spiraling costs of automobile insurance in the Commonwealth."); see also Prudential Prop. & Cas. Ins. Co. v. Colbert, 813 A.2d 747, 752 (Pa. 2002) (a plurality of the Pennsylvania Supreme Court held that a household vehicle exception was consistent with the policy of the MVFRL, which it stated was "concern for the increasing costs of automobile insurance."). Defendant correctly asserts that Gallagher did not expressly overrule either of these cases. (Mot. at 9.)[7]

### c. Analysis

As an initial matter, the Court declines Plaintiff's invitation to conclude that the Supreme Court has reversed course on its long-standing conclusion that cost containment is the underlying policy rationale of the MVFRL. The Gallagher Court noted that it need not "pursue[] [the] spirit" of the MVFRL if the "words of the statute are clear and free from ambiguity." 201 A.3d at 137. Because the Court found that the language of the household vehicle exception clearly violated Subsection 1738(a) of the MVFRL, it invalidated the provision without evaluating the policy underlying the MVFRL. Id. at 138.

---

[7] Defendant also notes that the Gallagher court did not overrule Baker, discussed in note 5. (Mot. at 9.)

Additionally, the only case to discuss Gallagher has been Butta v. GEICO Cas. Co., No. CV 19-675, 2019 WL 1756019 (E.D. Pa. Apr. 19, 2019) (Kearney. J.). The central issue before Judge Kearney in Butta was whether Gallagher announced a new rule and applied retroactively to the plaintiff's claim. In his opinion denying Defendant's Motion to Dismiss, Judge Kearney wrote that "Gallagher does not change binding Pennsylvania law. As a result, Gallagher applies to the MVFRL since its inception and applies to Mr. Butta's policy." Id. at *8. Judge Kearney noted that "even assuming Gallagher established a new rule, we would not be able to properly exercise our judicial discretion to determine whether Gallagher should apply retroactively without discovery." Id. at *11.

Based upon Gallagher, and in light of our review of the facts in the light most favorable to the Plaintiff, the Court concludes that Plaintiff has sufficiently stated a claim for declaratory relief and breach of contract. Plaintiff's parents paid an additional premium for stacked UIM coverage for themselves and their relatives. As Plaintiff properly observed, the household vehicle exclusion "takes away inter-policy stacking, with no notice to the insured, no signed Rejection, and no return of the premium." (Resp. at 21.) In other words, the household vehicle exclusion in the Nationwide policy at issue acts as a "*de facto* waiver of stacked UIM coverage," even though Plaintiff's parents did not sign a waiver and paid an additional premium for the coverage. The Gallagher Court addressed this very scenario.

Gallagher was the first time a majority of the Pennsylvania Supreme Court has opined on such issues, which this Court does not take lightly. Accordingly, the Court is unprepared to determine, at a motion to dismiss stage, that the household vehicle exception in the insurance policy at issue does not act as a *de facto* waiver of stacked UIM coverage. The parties may raise

9

this issue again in summary judgment motions, should they chose to do so, with the benefit of discovery.

## IV. Conclusion

Plaintiff has set forth sufficient facts demonstrating that he was eligible for UIM coverage under his parent's Nationwide plan, and therefore he can state a claim for declaratory relief and breach of contract. Defendant's Motion to Dismiss is denied.

An appropriate order follows.

O:\CIVIL 19\19-1217 Smith v. Nationwide\19cv1217 MTD Memo.docx