IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BRENDAN SMITH**, individually and on behalf of all others similarly situated<br><br>    **v.**<br><br>**NATIONWIDE MUTUAL INSURANCE COMPANY** | **CIVIL ACTION**<br><br>**NO. 19-1217** |

MEMORANDUM RE: PLAINTIFF'S MOTION TO AMEND
CLASS ACTION COMPLAINT

**Baylson, J.**                                                                                                    **January 6, 2022**

Before the Court is Plaintiff Brendan Smith's Motion to Amend Class Action Complaint

(ECF 47).  Plaintiff, who has brought a putative class action against Defendant Nationwide Mutual

Insurance Company, seeks to amend his Complaint (ECF 1, Ex. A) to add an additional subclass.

For the reasons that follow, the Court will deny Plaintiff's Motion.

**I.      Background and Parties' Contentions**

This case arises from a Nationwide insurance policy owned by Smith's parents that also

applies to Smith as a resident relative.  Following a vehicle collision in 2018, Smith filed claims

with Allstate Insurance Company, the other driver's insurance provider, and State Farm Mutual

Automobile Insurance Company, Smith's own insurance provider. Smith received the liability

limit under the policies from both companies.  (Compl. ¶¶ 12–24.)  Because these payouts

allegedly did not fully compensate Smith for injuries and damages sustained in the collision, Smith

filed a claim with Nationwide for a payout based on his parents' policy's uninsured and

underinsured motorist (UM/UIM) coverage.  (Id. ¶¶ 25–26.)  Nationwide denied Smith's claim,

pointing to a "household vehicle exclusion" in the policy.  (Id. ¶¶ 27–29.)  The exclusion provision

essentially states that Nationwide's UM/UIM coverage cannot be stacked on coverage provided

by a different company, even by Nationwide customers who expressly elected stacked coverage. (Id. ¶ 28.)

Plaintiff filed a putative class action in Pennsylvania court in February 2019, which Defendant removed to federal court the following month (ECF 1). Plaintiff alleges that the Nationwide policy's household vehicle exclusion violates Pennsylvania's Motor Vehicle Financial Responsibility Law. Plaintiff seeks to represent a class of Nationwide customers who elected and paid for stacked UM/UIM coverage but were prevented from stacking that UM/UIM coverage on coverage from a different company.

Plaintiff now moves to amend the Complaint to divide the original putative class into two separate subclasses. The first subclass would be composed of the original putative class members. (Pl.'s Mot. ¶ 10.) The second subclass would be composed of Nationwide customers who purchased UM/UIM coverage and elected to waive stacking that Plaintiff argues they were nonetheless entitled to based on the Pennsylvania Supreme Court's August 2021 decision in Donovan v. State Farm Mut. Auto. Ins. Co., 256 A.3d 1145 (Pa. 2021). (Id.) The Donovan court held in relevant part that signed waivers of UM/UIM stacking—such as those signed by members of the new putative subclass—may be ineffective under certain circumstances. Donovan, 256 A.3d at 1160–61. Defendant filed a Response (ECF 50), arguing that Plaintiff has unduly delayed in bringing his Motion and is not an appropriate representative of the putative Donovan subclass (Def.'s Resp. 2–5).

## II.    Legal Standard

Under Federal Rule of Civil Procedure 15(a)(2), a court "should freely give leave" to a party to amend their complaint "when justice so requires." A court may deny leave to amend "based on undue delay, bad faith or dilatory motive on the part of the movant; repeated failure to

cure deficiencies by amendments previously allowed; prejudice to the opposing party; and futility." Mullin v. Balicki, 875 F.3d 140, 149 (3d Cir. 2017).  This list of factors is not exhaustive; a court may deny leave "on consideration of additional equities, such as judicial economy/burden on the court and the prejudice denying leave to amend would cause to the plaintiff."  Id. at 149–50.

## III.    Discussion

As an initial matter, the substance of the proposed amendment is not at all integral to Plaintiff's case; as Defendant correctly asserts, Plaintiff is not even part of the putative Donovan subclass. (Def.'s Resp. 5.)  This putative subclass is composed of people with UM/UIM coverage who waived stacking, whereas Plaintiff has alleged that his parents elected stacking in the insurance policy at issue.  See Hayes v. Wal-Mart Stores, Inc., 725 F.3d 349, 360 (3d Cir. 2013) ("It is axiomatic that the lead plaintiff must fit the class definition.").

Plaintiff's Motion also comes at an exceptionally late time.  This case was filed over two years ago, discovery has long since closed, and the parties have both filed motions for summary judgment.  These facts weigh against granting the Motion.  See Bear Mountain Orchards, Inc. v. Mich-Kim, Inc., No. CIV.A.07-853, 2008 WL 4710920, at *7 (E.D. Pa. Oct. 22, 2008) (Baylson, J.) (discussing how "[t]he Third Circuit has consistently upheld denial of late-stage amendments, particularly those attempted once motions for summary judgment have been filed, as untimely and prejudicial").

Although "the passage of time, without more, does not require that a motion to amend a complaint be denied," eventually "the delay will become 'undue,' placing an unwarranted burden on the court, or will become 'prejudicial,' placing an unfair burden on the opposing party."  Adams v. Gould, Inc., 739 F.2d 858, 868 (3d Cir. 1984).  In determining whether a party unduly delayed

in moving to amend their complaint, "the Third Circuit has advised courts to consider 'whether new information came to light or was available earlier to the moving party.'" Doe v. Elwyn & Elwyn, Inc., No. 16-CV-2894, 2016 WL 6247055, at *8 (E.D. Pa. Oct. 25, 2016) (Baylson, J.) (quoting In re Adams Golf, Inc. Sec. Litig., 381 F.3d 267, 280 (3d Cir. 2004)).

There is no new information that has only recently become available to Plaintiff. Plaintiff's counsel in the present case was also the Donovan plaintiffs' counsel, and so has presumably been long aware of the legal theory that the Donovan plaintiffs pursued. Moreover, although the Pennsylvania Supreme Court's decision may be relatively recent, judicial endorsement of the Donovan plaintiffs' position is not; a court in this district granted summary judgment in favor of the Donovan plaintiffs in June 2019. See Donovan v. State Farm Mut. Auto. Ins. Co., 392 F. Supp. 3d 545, 549 (E.D. Pa. 2019) (McHugh, J.). Plaintiff has provided no explanation of what specific, previously unavailable information he gained from the Pennsylvania Supreme Court's decision.

"[T]he question of undue delay requires that we focus on the movant's reasons for not amending sooner." Cureton v. Nat'l Collegiate Athletic Ass'n, 252 F.3d 267, 273 (3d Cir. 2001). In this case, Plaintiff has not provided any reasons for the lateness of his Motion that would justify the disruption to proceedings that the amendment would cause. The Court agrees with Defendant that Plaintiff has unduly delayed moving to amend his Complaint.

## IV. Conclusion

For the foregoing reasons, the Court will deny Plaintiff's Motion to Amend Class Action Complaint. An appropriate Order follows.

O:\CIVIL 19\19-1217 Smith v. Nationwide Mutual Insurance Company\19cv1217 Memorandum re Motion to Amend.docx