**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **BRENDAN SMITH**, individually and on behalf of all others similarly situated<br><br>   **v.**<br><br>**NATIONWIDE MUTUAL INSURANCE COMPANY** | **CIVIL ACTION**<br><br>**NO. 19-1217** |

<u>**MEMORANDUM RE: CROSS-MOTIONS FOR SUMMARY JUDGMENT**</u>

Baylson, J.                                                                **January 19, 2022**

      Defendant Nationwide Mutual Insurance Company and Plaintiff Brendan Smith both seek summary judgment in this case arising from a dispute over insurance coverage.  Defendant has filed a Motion for Summary Judgment (ECF 27), and Plaintiff has filed a Motion for Partial Summary Judgment (ECF 26).  For the reasons that follow, the Court will deny Defendant's Motion and grant Plaintiff's Motion.

## I.      Background

### a.      Facts

      Considering the undisputed facts, and noting factual disputes where relevant, the events giving rise to this case are as follows.  On June 26, 2018, Brendan Smith was riding his motorcycle when he was hit and injured by a driver who was exiting a driveway.  (Pl.'s MSJ, Statement of Facts ¶¶ 1–2.)  Smith's motorcycle was covered by an insurance policy issued by State Farm Mutual Automobile Insurance Company that provided $15,000/$30,000 in underinsured motorist (UIM) coverage.  (<u>Id.</u> ¶¶ 7–8.)  This is a form of coverage that comes into play when a tortfeasor injures an insured person and the tortfeasor's own insurance coverage is insufficient to fully compensate the injured insured person.  The injured insured person may then draw upon UIM coverage provided by their own insurer.

Following the accident, Smith received a $25,000 payout from Allstate Insurance Company, which was the insurer for the other driver in the accident.  (Id. ¶¶ 3–6.)  On the grounds that the Allstate payout was insufficient to compensate him for the accident, Smith filed a claim with State Farm and received $15,000 under his policy's UIM coverage.  (Id. ¶¶ 8–10.)

Asserting that the Allstate and State Farms payouts combined were still insufficient to compensate him, Smith then sought to recover under a policy purchased by his parents, Jane and Scott Smith.  Smith was residing with his parents at the time and was therefore covered under their policy as a resident relative.  This policy, which was issued by Nationwide, provided for $50,000/$100,000 in stacked UIM coverage for two vehicles.  (Id. ¶¶ 9–19.)  "Stacking" is the practice of allowing insurance coverage of individual vehicles to be combined to increase the total amount of coverage available to the insured; coverage for one vehicle can be "stacked" on the coverage for another vehicle.

Smith filed a claim to recover the Nationwide policy's UIM benefits.  Nationwide denied the claim based on a "household vehicle exclusion" in the policy.  This provision states that there is no coverage for "[b]odily injury suffered while occupying a vehicle owned by you or a relative but not insured for Underinsured Motorists coverage under this policy; nor to bodily injury from being hit by any such motor vehicle."  (Id. ¶ 22.)  The provision further states that if the insured elected stacked UIM coverage, "this exclusion does not apply to bodily injury suffered while occupying or struck by a motor vehicle owned by you or a relative that is insured for Underinsured Motorists coverage under any policy issued by us or any affiliated company."  (Id.)

**b.  Procedural History**

Plaintiff brought suit against Defendant, alleging that Nationwide had improperly denied his claim.  Plaintiff alleges that the household vehicle exclusion in the Nationwide policy violates

Pennsylvania's Motor Vehicle Financial Responsibility Law (MVFRL) by improperly abrogating UIM coverage stacking.  (Compl. ¶¶ 30–31.)  Seeking to certify a class of people insured by Nationwide who have been denied UIM coverage stacking under the household vehicle exclusion, Plaintiff filed his putative class action Complaint in the Philadelphia Court of Common Pleas in February 2019 (ECF 1, Ex. A).  Plaintiff brings a claim for breach of contract and seeks compensatory damages and declaratory relief.  (Id. ¶¶ 93–120.)

Defendant removed the case to federal court in March 2019 and moved to dismiss the Complaint (ECF 3).  This Court denied Defendant's motion (ECF 13), concluding that it was "unprepared to determine, at a motion to dismiss stage, that the household vehicle exception in the insurance policy at issue does not act as a *de facto* waiver of stacked UIM coverage." Smith v. Nationwide Mut. Ins. Co., 392 F. Supp. 3d 540, 545 (E.D. Pa. 2019) (Baylson, J.).

Both parties have now moved for summary judgment.  The Motions largely mirror each other.  Defendant wishes the Court to find that the Nationwide policy's household vehicle exclusion is valid under the MVFRL—thus disposing of Plaintiff's claim—whereas Plaintiff wishes the Court to find that the household vehicle exclusion is invalid under the MVFRL.  Plaintiff also seeks summary judgment on the more specific question of whether he is eligible to present a claim for up to $100,000 in UIM coverage under his parent's Nationwide policy.  (Pl.'s MSJ ¶ 49.)

The Motions have been thoroughly briefed.  Defendant has filed a Response (ECF 31) in opposition to Plaintiff's Motion and a Reply (ECF 33) in support of its own.  Plaintiff has filed a Response (ECF 30) in opposition to Defendant's Motion and a Reply (ECF 32) in support of his own.  Plaintiff has also filed a supplemental brief (ECF 53) in support of his Motion, to which Defendant responded (ECF 57).

## II.     Parties' Contentions

Central to the parties' arguments is the Pennsylvania Supreme Court's decision in Gallagher v. GEICO Indemnity Co., 650 Pa. 600, 201 A.3d 131 (2019).  Gallagher concerned a household vehicle exclusion in an insurance policy purchased by plaintiff Brian Gallagher and sold by defendant GEICO.  Gallagher purchased two policies from GEICO, one for his motorcycle and one for his car, and elected stacked UIM coverage in both policies.  When Gallagher was in a motorcycle accident with an underinsured driver and filed claims under both policies, GEICO granted Gallagher's claim for UIM coverage under the motorcycle policy.  However, pursuant to the household vehicle exclusion, GEICO refused to stack the UIM coverage in the car policy on the UIM coverage in the motorcycle policy.  Id. at 131–133.

Reviewing the case, the Pennsylvania Supreme Court examined Subsection 1738(a) of the MVFRL, which "unambiguously states that the limits of coverage for each vehicle owned by an insured 'shall be the sum of the limits for each motor vehicle as to which the injured person is an insured.'"  Id. at 137 (quoting 75 Pa. C.S. § 1738(a)).  The court held that the MVFRL requires that stacked UIM coverage "is the default coverage available to every insured and provides stacked coverage on all vehicles and all policies."  Id.  To waive stacked UIM coverage, "an insurer must provide the insured with a statutorily-prescribed waiver form, which the named insured must sign if he wishes to reject the default provision of stacked coverage."  Id.  The court concluded that the household vehicle exclusion in Gallagher's policy violated the MVFRL in "act[ing] as a *de facto* waiver of stacked UIM coverage provided for in the MVFRL, despite the indisputable reality that Gallagher did not sign the statutorily-prescribed UIM coverage waiver form."  Id. at 138.

Plaintiff argues that Gallagher applies straightforwardly to his own situation.  Just as the household vehicle exclusion in GEICO policy denied Gallagher unwaived stacking benefits, the

household vehicle exclusion in the Nationwide policy denies Smith unwaived stacking benefits. Therefore, the Nationwide policy's exclusion violates the MVFRL just as the GEICO policy's exclusion did.  (Def.'s MSJ Resp. Br. 21–23.)

Defendant counters that factual distinctions between the present case and <u>Gallagher</u> render <u>Gallagher</u> inapposite.  One significant distinction, Defendant argues, is that the household vehicle exclusion in <u>Gallagher</u> categorically blocked UIM coverage stacking.  The household exclusion in the present case, by contrast, allows for UIM coverage stacking if the stacking is on a vehicle covered by a policy provided by Nationwide or a Nationwide affiliate.  (Def.'s MSJ Br. 12–14.) Defendant frames the MVFRL, as interpreted in <u>Gallagher</u>, as requiring a valid waiver of stacked UIM coverage *only* if the terms of an insurance policy categorically prohibit stacking.  If the terms of a policy restrict stacking but do allow for it in certain circumstances, then that restriction can be applied without any requisite waiver by the insurance purchaser.  (<u>Id.</u>)

Defendant further argues that insurance providers will be forced to bear unfair, unforeseen costs if this Court interprets <u>Gallagher</u> as applying to the present case.  Defendant observes that Smith, unlike Gallagher, did not directly purchase the insurance policy at issue.  Furthermore, the policies for Gallagher's vehicles were both purchased from GEICO, whereas the policy for Smith's motorcycle and the policy purchased by Smith's parents were sold by different insurance providers.  Defendant contends that because of this, GEICO was much better positioned than Nationwide to price into its premiums the risk associated with the injured driver at issue.  (Def.'s MSJ Br. 10.)  Should the Court find that the MVFRL invalidates the household vehicle exclusion in the Nationwide policy, Defendant states that "there can be little doubt that such a result would require insurers to price policies based on a wide range of unknown risks."  (<u>Id.</u>)

### III.    Legal Standard

Summary judgment should be granted if the movant can establish "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  If a factual dispute "might affect the outcome of the suit under the governing law," the factual dispute is material and will allow the nonmovant to survive summary judgment.  Id.  Granting summary judgment is appropriate only if "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party."  Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  These rules are "no different where there are cross-motions."  Lawrence v. City of Philadelphia, 527 F.3d 299, 310 (3d Cir. 2008).

In deciding a motion for summary judgment, courts "review the record as a whole and in the light most favorable to the nonmovant, drawing reasonable inferences in its favor."  In re Chocolate Confectionary Antitrust Litig., 801 F.3d 383, 396 (3d Cir. 2015).  The moving party must identify the portions of the record that demonstrate the absence of a genuine dispute of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  If the burden of proof on a particular issue rests with the nonmoving party at trial, the moving party's burden at the summary judgment stage can be met by showing the court "that there is an absence of evidence to support the nonmoving party's case."  Id. at 325.  Once the moving party has met its initial burden, the nonmoving party must set forth specific facts—through citation to evidence such as affidavits, depositions, or discovery documents—that demonstrate the existence of a genuine triable dispute. Fed. R. Civ. P. 56(c).

## IV.   Discussion

There are numerous factual disputes in this case, such as how Nationwide calculates premiums for UIM coverage and the effect of Brendan Smith on those calculations.  (See Def.'s MSJ Resp. Br. 26–29.)  There is no dispute, however, as to the text of the Nationwide policy's household vehicle exclusion, that Smith's parents purchased the policy, and that Smith is insured as a resident relative under the policy.  The Court can therefore decide the legal question on which this action hinges because the material and relevant facts are undisputed: whether the policy's household vehicle exclusion violates the MVFRL.

### a.  Application of __Gallagher__

Defendant's interpretation of the MVFRL and Gallagher is foreclosed by the recent Pennsylvania Supreme Court decision in Donovan v. State Farm Mutual Automobile Insurance Co., 256 A.3d 1145 (Pa. 2021).  In Donovan, the court considered the application of Gallagher to a case involving, like this one, two separate insurance policies.  Plaintiff Corey Donovan, who was injured in a vehicle covered by its own insurance policy, sought to stack UIM coverage from a State Farm policy purchased by his mother, plaintiff Linda Donovan, to whom he was a resident relative.  State Farm refused based, in part, on a household vehicle exclusion in Linda's policy. Donovan, 256 A.3d at 1147–49.

Unlike in Gallagher and as in the present case, the household vehicle exclusion in Donovan was not categorical, allowing for stacking under certain circumstances.  Id. at 1147.  However, this difference from Gallagher played no role in the Donovan court's reasoning.  Donovan held that "[w]hether the insured did not sign a waiver, as in Gallagher, or signed a deficient waiver as to inter-policy stacking, as in the case at bar, the result is the same: the policy defaults to inter-policy stacking of UM/UIM coverage."  Id. at 1160; see also Craley v. State Farm Fire & Cas. Co., 895

7

A.2d 530, 539 (2006) (discussing "the clear intention of the General Assembly to compel insurers to provide stacking coverage absent a valid waiver" through the MVFRL).

The <u>Donovan</u> decision makes clear that the distinction Defendant seeks to draw—between policy provisions that categorically block UIM coverage stacking and those that only partially block UIM coverage stacking, with different waiver requirements for each—is untenable. The key question is not the extent of the restriction on stacking, but whether stacking was validly waived. <u>See</u> <u>Donovan</u>, 256 A.3d at 1160 ("[W]e find the logic of the case at bar indistinguishable from that in <u>Gallagher</u>. In both cases, the insured did not validly waive inter-policy stacking."). In this case, the owners of the policy—Smith's parents—did not make any waiver.

Defendant argues that because Smith waived UIM coverage stacking in other policies from other providers that he purchased himself, he should be denied stacking under his parents' policy. But "it is the coverage elections for the policy under which coverage is being sought that are controlling, not the coverage elections of the person seeking coverage." <u>Stockdale v. Allstate Fire & Cas. Ins. Co.</u>, 441 F. Supp. 3d 99, 105 (E.D. Pa. 2020) (Beetlestone, J.) (citing <u>Craley</u>, 895 A.2d at 536). Smith's parents bought the policy and elected and paid for UIM coverage stacking, and those insured under the policy, such as Smith, are entitled to its benefits. <u>See</u> <u>id.</u> ("[Plaintiff] may not have purchased stacked coverage for herself, but her parents purchased such coverage for all 'resident relative[s]' in their household, and 'an insured should receive the coverage for which he has paid.'" (quoting <u>Gallagher</u>, 201 A.3d at 138)).

**b. Cost Factors**

With regard to Defendant's concerns about costs to insurance providers, the <u>Gallagher</u> court itself addressed this matter. Recognizing that its decision "may disrupt the insurance industry's current practices," the court expressed its "confiden[ce] that the industry can and will

employ its considerable resources to minimize the impact of our holding." Gallagher, 201 A.3d at 138 n.6.  The court suggested that, "[f]or example, when multiple policies or insurers are involved, an insurer can require disclosure of all household vehicles and policies as part of its application process." Id.

In Donovan, the Pennsylvania Supreme Court again considered cost-based arguments similar to those made by Defendant.  Also seeking to distinguish the facts of its case from those of Gallagher, State Farm contended that it would have charged a higher premium had it known that Corey Donovan, who allegedly posed a "measurably higher risk" as a driver, would be able to stack UIM coverage in his mother's policy.  Donovan, 256 A.3d at 1159.  The court nonetheless held that, in the absence of a valid waiver, Corey was entitled to UIM stacking under the policy as a resident relative.

In arguing its position, Defendant cites the Pennsylvania Supreme Court's discussion of Eichelman v. Nationwide Insurance Co., 711 A.2d 1006 (Pa. 1998), in a post-Gallagher case.  In Safe Auto Insurance Co. v. Oriental-Guillermo, which dealt with a different type of exclusion, the court approvingly cited Eichelman in asserting that it has "repeatedly recognized the [MVFRL's] goal of cost containment." 214 A.3d 1257, 1266 (Pa. 2019).  In Eichelman itself, the court upheld a household exclusion to an insurance policy, stating that "[a]llowing the 'household exclusion' language to stand in this case is further bolstered by the intent behind the MVFRL, to stop the spiraling costs of automobile insurance in the Commonwealth." Eichelman, 711 A.2d at 1010.

However, Eichelman has little bearing on the present case.  As other courts in this district have noted, "[t]he Eichelman plaintiff did not have *any* underinsured motorist coverage on his motorcycle, however, meaning stacking and stacking waivers were not at issue." Stockdale, 441 F. Supp. 3d at 104; see also Butta v. GEICO Cas. Co., 383 F. Supp. 3d 426, 431 (E.D. Pa. 2019)

(Kearney, J.) ("[T]he Eichelman plaintiff did not have UIM on his motorcycle, so the court had no occasion to discuss stacking."). The Court does not doubt "that cost containment is the underlying policy rationale of the MVFRL." Smith, 392 F. Supp. at 545. Nonetheless, Gallagher and Donovan make clear that the potential of unexpected costs to insurance providers is not adequate justification for abrogating UIM coverage stacking as a policy default.

The Court therefore finds that, as in Gallagher and Donovan, the Nationwide policy's household vehicle exclusion violates Subsection 1738(a) of the MVFRL.

### c. Plaintiff's Motion

Plaintiff has also requested that the Court find that he is eligible to present a claim for up to $100,000 in UIM benefits under his parent's Nationwide policy. The Court will grant partial summary judgment on this issue as well, because Defendant cannot deny Plaintiff's claim based on the household vehicle exclusion.

## V.   Conclusion

For the foregoing reasons, the Court will deny Defendant's Motion for Summary Judgment and grant Plaintiff's Motion for Partial Summary Judgment. An appropriate Order follows.

O:\CIVIL 20\19-1217 Smith v. Nationwide Mutual Insurance Company\19cv1217 Memorandum re Cross-Motions for SJ.docx